UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER GINORIO, | No. 2:07-cv-01403-MCE-DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE, and DOES 1 through 25, inclusive, | |
| Defendants. | |

----oo0oo----

After sustaining injuries in an automobile accident and recovering available insurance proceeds on behalf of the responsible driver, Plaintiff Amber Ginorio ("Plaintiff") sought additional damages from her own carrier, Defendant State Farm Mutual Insurance Company ("State Farm"). Plaintiff subsequently filed a lawsuit against State Farm in state court, alleging that State Farm was liable for breach of contract and breach of the covenant of good faith and fair dealing because of its alleged delay in paying remaining policy proceeds.

///

1  State Farm removed Plaintiff's action to this Court on grounds of
2  diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and
3  1441(a).  Now before the Court is State Farm's Motion to Stay
4  these proceedings until after arbitration mandated by its
5  insurance policy with Plaintiff has been completed.  For the
6  reasons set forth below, that Motion will be GRANTED.[1]

**BACKGROUND**

In 2001, Plaintiff was involved in an automobile accident with another motorist, Aneel Singh.  Singh had liability insurance with a single policy limit of $30,000.  Singh's carrier ultimately paid that entire limit to Plaintiff.  Claiming that her damages exceeded the coverage she received, Plaintiff sought further compensation from her own insurance company, State Farm.

Plaintiff's State Farm policy included underinsured motorist coverage, which provides additional compensation to an insured for an accident involving a motorist whose insurance will not fully cover the damages.  In February of 2005, Plaintiff made a claim for the difference between the amount she received from Singh's carrier and the $100,000 policy limit available under her own coverage with State Farm.

///
///
///

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

1    The terms of State Farm's policy provide for binding
2 arbitration of an underinsured claim in the event that no
3 agreement as to the amount owed can be reached.  The policy, in
4 accordance with the provisions of California Insurance Code
5 § 11580.2(f), requires that both the liability of the alleged
6 underinsured motorist, and the amount of damages available as a
7 result of that liability, be resolved through arbitration as
8 follows:

> **Deciding Fault and Amount Under Coverage U[2]**
>
> Two questions must be decided by agreement between the
> insured and us:
>
> 1.  Is the **insured** legally entitled to collect damages from
>     the owner or driver of the **uninsured [underinsured] motor
>     vehicle**; and
>
> If so, in what amount?
>
> If there is no agreement, upon written request of the
> insured or us, these questions shall be decided by
> arbitration as provided by section 11580.2 of the California
> Insurance Code....

17 State Farm policy, attached as Exhibit "A" to the Declaration of
18 Robert S. McLay.
19    The inability of the parties to agree on a mutually
20 acceptable resolution of Plaintiff's underinsured motorist claim
21 prompted Plaintiff to demand arbitration under the above-
22 referenced policy provisions.  The parties ultimately petitioned
23 the Sacramento County Superior Court to appoint an arbitrator
24 when they could not themselves agree on a selection.
25 ///
26 ///

---

[2] Coverage U encompasses both uninsured and underinsured motorist claims.

After a hearing date of July 9, 2007 was set by Douglas Smith, the attorney appointed to arbitrate the case, State Farm sought to postpone the hearing on grounds that further discovery was necessary.  Plaintiff responded by filing the present lawsuit, even though the arbitration itself had not transpired.  As indicated above, State Farm now asks the Court to stay the instant action until the underinsured motorist arbitration is completed.

**STANDARD**

    The power to stay proceedings is a matter within this Court's discretion.  <u>Good v. Prudential Ins. Co.</u>, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998).  The Supreme Court stated this power is "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication."  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936).  A trial court has the power to stay proceedings in the interest of saving time and effort for the court and the parties involved, but in exercising this power, the court should consider whether arbitration will conclude in a reasonable time.  <u>ATSA of California, Inc. v. Continental Ins. Co.</u>, 702 F.2d 172, 176 (9th Cir. 1983).  "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."  <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).

///

///

4

The Court should further consider the possible damage which may result from the granting of a stay, the hardship or inequity a party may suffer in being required to proceed, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc., 300 F.2d at 268.

**ANALYSIS**

An order to stay an action should be granted when the action involves a matter subject to pending arbitration, and the action will be impacted by the result of that arbitration. See Federal Insurance Company v. Superior Court, 60 Cal. App. 4th 1370, 1375 (1998). Here, Plaintiff's contractual and bad faith claims against State Farm defendant will likely be impacted by the pending arbitration. Although is it undisputed that those claims are not themselves subject to arbitration,[3] the arbitrator's determination as to the amount owed by State Farm, if any, on behalf of the underinsured motorist may well be critical in determining whether State Farm's handling of the claim was flawed.

///
///
///

---

[3] See State Farm Mut. Auto. Ins. Co. v. Superior Court, 123 Cal. App. 4th 1424, 1434 (2004) (in an uninsured/underinsured motorist case, whether or not the insurance carrier "paid in an untimely manner, or engaged in other claims-handling misconduct, is not an issue for the arbitrator")

5

If, for example, the arbitrator finds that Plaintiff's damages as a result of the subject accident equal or exceed the remaining coverage available under her underinsured motorist policy, Plaintiff's contractually based claims against State Farm may be significantly strengthened. Under California law, an insurance company's failure to deal fairly with its insured by refusing to timely compensate the insured for a loss covered by the policy may give rise to a breach of an implied covenant of good faith and fair dealing against the insurer. Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 574 (1973). On the other hand, should the arbitrator find that Plaintiff is not entitled to any additional compensation, or even an amount substantially less than the remaining policy limits she seeks, the defense position that immediate payment was not required would obviously be bolstered. In any event, the result of the arbitration will likely affect the viability of Plaintiff's bad faith claim one way or the other.

Moreover, were the bad faith claim to proceed forward at this juncture, both the Court and the litigants may unnecessarily expend time and resources determining factual matters that stand to be clarified through arbitration. A determination as to what Plaintiff was actually owed is obviously central to both proceedings, and it would run counter to basic principles of judicial economy to permit both the arbitration and this action to simultaneously proceed forward as to that common factual determination. Instead, it would be more prudent to allow for the completion of arbitration proceedings before addressing the bad faith claims presented by this litigation.

**CONCLUSION**

Based on the foregoing, this Court GRANTS State Farm's Motion to Stay.  This action will be held in abeyance until after the underinsured motorist arbitration provided for in State Farm's policy has been completed.

IT IS SO ORDERED.

Dated: August 30, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE